IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EBONY SAMPSON, | : |
|     Plaintiff, | : |
| v. | : Civ. No. 16-788-LPS |
| AMAZON.COM, INC., et al., | : |
|     Defendants. | : |

Ebony Sampson, Magnolia, Delaware, Pro Se Plaintiff.

Justin K. Victor, Esquire, and Emily C. DeSmedt, Esquire, Morgan Lewis & Bockius LLP, Wilmington, Delaware. Counsel for Defendants.

## **MEMORANDUM OPINION**

September 5, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Ebony Sampson ("Plaintiff"), who appears *pro se*, filed this employment discrimination action in the Superior Court of the State of Delaware in and for Kent County. (D.I. 1) The original complaint was removed to this Court on September 7, 2016. (*Id.*) Plaintiff filed an amended complaint on December 1, 2016. (D.I. 20) The amended complaint is the operative pleading. Pending are Defendants' motion to dismiss and Plaintiff's request for entry of default judgment. (D.I. 38, 42) For the reasons that follow, the Court will grant Defendants' motion to dismiss and will deny Plaintiff's request for entry of default judgment. Plaintiff will be given leave to amend.

## II. BACKGROUND

Plaintiff alleges that she was subjected to employment discrimination by reason of sex in violation of Title VII of the Civil Rights of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Plaintiff was employed by Amazon.com ("Amazon") as a tier 1 associate. (D.I. 20 at 6) She alleges that discriminatory acts occurred on June 3, 2015, when a male tier 1 associate touched her shoulder and sides of her body and stood closely up against her backside. (D.I. 20 at 2, 6) Plaintiff told him to stop and immediately reported the incident to pick area manager Cece ("Cece"). (*Id.* at 6) The following week, Cece took Plaintiff to the human resources business partner Megan ("Megan") to report the incident. (*Id.*) Megan took Plaintiff's statement and plans were made to have the male tier 1 associate transferred to the other side of the building. (*Id.*) Plaintiff reported the incident to several other management officials. (*Id.*)

On October 1, 2015, Plaintiff called a police officer to discuss the possibility of getting a restraining order against the male tier 1 associate because he had not yet been transferred. (*Id.*)

1

Plaintiff alleges that after reporting the incident, her supervisors ignored her and would not respond to her requests to have the male tier 1 associate transferred to a different section of the building. (*Id.*) Plaintiff states that she could not be moved to a different section of the building because she would have been too far from her medication. (*Id.*)

In Plaintiff's charge of discrimination, she states that Amazon handled the initial complaint of sexual assault appropriately. (*Id.* at 7) A second charge of discrimination states that Plaintiff wanted the male tier 1 associate either transferred to a different location or his employment terminated (*Id.* at 20) She also wanted a job created for her. (*Id.*) Plaintiff was advised around October 14, 2015 that the male tier 1 associate would not be moved because of business needs. (*Id.* at 7)

On October 16, 2015, Plaintiff began a leave of absence. (*Id.* at 7) She alleges the leave was for a disability related to Amazon's denying Plaintiff's request to transfer the male tier 1 associate. (*Id.*) Her charge of discrimination states that she developed panic attacks after being forced to work in the area with the male tier 1 associate. (*Id.* at 22) Plaintiff states that she had to leave work for back medication and chest pain. (*Id.* at 22) On the same day, Plaintiff was advised that she had seven days paid leave and that it was necessary for a physician to fill out a medical information form recommending her return to work or she would be terminated. (*Id.* at 7) On an unknown date, Amazon personnel asked Plaintiff to give them a time frame for her return to work since she had not spoken to or had any contact with the male tier 1 associate since the June incident. (*Id.* at 13, 22)

Plaintiff's employment was terminated on January 22, 2016. Her charge of discrimination states that she was terminated "for not calling in to agree to questionable return to work." (*Id.* at 22) While not clear, Plaintiff appears to state that when her physician would not clear her to return to

2

work, Amazon asked that she see its physician so that she could be cleared to return to work. (*Id.* at 15) Plaintiff alleges that her "known back condition was used against [her]; ultimatum was given that couldn't be reasonably committed to for return to work; paid leave was withheld; told to return to same environment as attacker without separation; sign contract to drop claim filed." (*Id.* at 2)

Plaintiff filed two charges of discrimination: the first, on November 2, 2015,[1] following the alleged assault; and the second, on February 3, 2016, after she was terminated on January 22, 2016, asserting that the discharge was in retaliation for filing the November charge of discrimination. (D.I. 20 at 4, 11-24) She received her notice of suit rights on May 17, 2016. Plaintiff seeks injunctive relief, back pay, compensatory damages, and an apology.

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as

---

[1] Plaintiff used a form complaint when she filed her amended complaint and attached to it her charges of discrimination, as required by the form. In addition to the Title VII claims, the charges of discrimination also assert employment discrimination by reason of a disability. While the original complaint asserted disability discrimination, the amended complaint does not. The form complaint for employment discrimination used by Plaintiff contains checkboxes for a plaintiff to check to raised claims under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 ("ADA"). Plaintiff did not check the disability discrimination boxes in the amended complaint. Therefore, the Court construes the amended complaint as asserting only employment discrimination claims by reason of sex under Title VII. It appears that, out of an abundance of caution, Defendants seek dismissal of potential ADA claims. The Court will not address this portion of Defendants' motion to dismiss in light of its determination that ADA claims are not raised in the amended complaint.

3

true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## IV. DISCUSSION

Title VII states that "[i]t shall be an unlawful employment practice for an employer to . . . discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race,

4

color, religion, sex, or national origin" 42 U.S.C. § 2000e-2(a). Liberally construing the allegations, it appears that Plaintiff seeks to state a hostile work environment claim, a gender discrimination claim, and a retaliation claim, all pursuant to Title VII. Defendants argue that Plaintiff fails to state claims under any of these theories. Plaintiff opposes the motion, for the most part, on the grounds that evidentiary issues are not a basis for dismissal.

### A. Hostile Work Environment

Defendants argue that the amended complaint does not contain facts to satisfy the elements of a hostile work environment claim. Sexual harassment in the workplace "is a form of sex discrimination prohibited by Title VII." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986). "A plaintiff may [ ] establish that an employer violated Title VII by proving that sexual harassment created a hostile work environment." *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009).

To state a claim for a hostile work environment, Plaintiff must show that: (1) she suffered intentional discrimination because of her sex; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) the existence of vicarious liability. *See Aman v. Cort Furniture Retail Corp.*, 85 F.3d 1074, 1081 (3d Cir. 1996). The first four elements establish a hostile work environment, and the fifth element determines employer liability. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013).

The Court first considers whether the behavior Plaintiff complains of is the sort of conduct courts have found to constitute hostile work environment sexual harassment. *See Kokinchak v. Postmaster Gen. of the U.S.*, 677 F. App'x 764, 767 (3d Cir. Feb. 3, 2017). "In assessing whether conduct is severe or pervasive, courts consider the totality of the circumstances, including the

5

'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the employee's work performance.'" *Id.* (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993)). In considering the totality of the circumstances, the Court filters out "simple teasing, offhand comments, and isolated incidents." *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)) (internal quotation marks and citations omitted).

Here, Plaintiff complains of one incident. Plaintiff defines the incident as a sexual assault, by a person of the opposite sex. She describes it in her charge of discrimination as her co-worker touching her shoulder and sides of her body, and standing closely up against her backside. She also describes its effect upon her. Defendants argue that the isolated incident does not rise to the level of severity or pervasiveness to state a cognizable claim of harassment, and they cite a number of cases to support their position. However, for the most part, the rulings were at the summary judgment stage, not the dismissal stage. The *Kokinchak* case was decided at the dismissal stage. However, it is distinguishable because the touching was describing as bumping or knocking into the complainant and standing close to her. Here, Plaintiff alleges intentional touching of her shoulder and sides of her body, and standing closely against her backside. Liberally construing the allegations, they suffice to allege a hostile work environment.

The Court turns to the last element - employer liability. Defendants argue that Plaintiff failed to allege facts sufficient to hold Amazon liable for the conduct of Plaintiff's male co-worker. When the harasser is a co-worker, employer liability attaches "only if the employer failed to provide a reasonable avenue for complaint, or, alternatively, if the employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 754 (1998).

6

Plaintiff acknowledges in the amended complaint that there was a reasonable avenue for complaint. She immediately reported the incident, she provided a statement, and plans were made to have her male co-worker transferred to the other side of the building. Additionally, in Plaintiff's charge of discrimination, she states that Amazon handled the initial complaint of sexual assault appropriately. Further, while Plaintiff complains that her co-worker was not terminated as she requested and, apparently, was later transferred back to the original location, there are no allegations of further harassment after she complained to her supervisors. Instead, she states that since the incident she has not spoken to, or had contact with, the co-worker.

As alleged, Plaintiff fails to state a claim of a hostile work environment. Therefore, the Court will grant Defendants' motion to dismiss the hostile work environment claim. Because Plaintiff proceeds *pro se*, and it is not clear that amendment would be futile, she will be given leave to amend this claim.

### B. Sex Discrimination

While not clear, Plaintiff seems to allege discrimination on the basis of sex occurred when her employment was terminated. To state such a claim under Title VII, a plaintiff must show that she: (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) similarly situated persons who were not members of her protected class were treated more favorably or there are other circumstances that give rise to an inference of intentional discrimination. *See Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008); *Jackson v. University of Pittsburgh*, 826 F.2d 230, 233 (3d Cir. 1987). A plaintiff need not convince the court of any of these elements at the motion to dismiss stage, but must submit more than naked assertion that she suffered an adverse employment action because of her membership in a protected class. *See Santos v. Iron Mountain Film & Sounds*, 593 F. App'x 117, 119 (3d Cir. Nov. 25, 2014).

7

The sex discrimination claim, as pled, fails to state a claim upon which relief may be granted. At most, Plaintiff alleges that her employment was terminated. It seems from the allegations that she was terminated because she would not agree to return to work under "questionable conditions," she was not cleared to work by her physician, and/or she would not see Amazon's physician to get clear to return to work. (*See* D.I. 20 at 15, 22)

Plaintiff has not pled the elements of a sex discrimination case and, therefore, the Court will grant Defendants' motion to dismiss this claim. Because Plaintiff proceeds *pro se*, and it is not clear that amendment would be futile, she will be given leave to amend this claim.

### C. Retaliation

Finally, Plaintiff appears to allege that she was dismissed from her position in retaliation for filing the first charge of discrimination on November 15, 2015. Her employment was terminated on January 22, 2016. Defendants move for dismissal on the basis that Plaintiff has not alleged facts that give rise to a retaliation claim.

Title VII prohibits an employer from discriminating against an employee "because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a retaliation claim under Title VII, a plaintiff must show that (1) she engaged in protected activity; (2) the employer took a materially adverse action against her; and (3) there was a causal connection between the protected activity and the employer's action. *See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 231 (3d Cir. 2007).

Here, Plaintiff engaged in protected activity when she submitted the November 5, 2015 charge of discrimination, and an adverse action occurred when her employment was terminated on January 22, 2016. There are no facts that allege an intervening pattern of antagonism following

8

Plaintiff's protected conduct. Nor does the temporal proximity between the time the protected conducted occurred and Plaintiff's termination, provide a basis from which an inference of causation can plausibly be drawn. *See Carvalho-Grevious v. Delaware State Univ.*, 851 F.3d 249, 260 (3d Cir. 2017). The Third Circuit has held that, on its own, an intervening temporal period of two days may raise the inference of causation but that a period of two months cannot. *See Jalil v. Avdel Corp.*, 873 F.2d 701, 708 (3d Cir. 1989); *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 759-60 (3d Cir. 2004). Here, Plaintiff filed a charge of discrimination on November 5, 2015. By that time, she had already begun her leave of absence. She was terminated two and one-half months later and, thus, she fails to adequately allege an inference of causation.

The amended complaint fails to state a Title VII retaliation claim. Therefore, the Court will grant Defendants' motion to dismiss this claim. The Court finds amendment of this claim would be futile.

## V. DEFAULT JUDGMENT

Plaintiff seeks entry of default judgment on the grounds that there has been a failure to plead or otherwise defend. (D.I. 42) Defendants oppose.

Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely serving and filing a motion to dismiss under Rule 12(b) precludes entry of default. *See Francis v. Joint Force Headquarters Nat'l Guard*, 2006 WL 2711459, (D.N.J. Sept.19, 2006), *aff'd in part*, 247 F. App'x 387 (3d Cir. Sept. 7, 2007). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

9

Here, there has been no entry of default. Moreover, Defendants have appeared and filed motions to dismiss. (*See* D.I. 4, 38) Therefore, the Court will deny Plaintiff's motion.

## VI. CONCLUSION

Based upon the foregoing discussion, the Court will (1) grant Defendants' motion to dismiss (D.I. 38); and (2) deny Plaintiff's motion for entry of default judgment (D.I. 42). Plaintiff will be given leave to amend the Title VII hostile work environment and sex discrimination claims.

An appropriate Order will be entered.