IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EBONY SAMPSON,

  Plaintiff,

v.

AMAZON.COM, INC., et al.,

  Defendants.

Civ. No. 16-788-LPS

**MEMORANDUM**

1.  **Introduction**. Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 19) She alleges that she was subjected to employment discrimination by reason of sex in violation of Title VII of the Civil Rights of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

2.  **Background**. On September 5, 2017, the Court granted Defendants' motion to dismiss and gave Plaintiff leave to amend the Title VII hostile work environment and sex discrimination claims. (D.I. 47) Plaintiff was given until on or before October 6, 2017, to file a second amended complaint.

3.  On October 11, 2017, Plaintiff filed a notice of motion to amend complaint and a motion to amend complaint. (D.I. 48) Defendants opposed on the grounds that Plaintiff: (1) did not timely file an amended complaint; (2) did not file an amended complaint and instead filed a motion to amend that did not include a copy of the proposed seconded amended complaint; and (3) the proposed allegations as set forth in the motion to amend fail to cure the pleading defects as identified by the court. (D.I. 49)

4.  While dated October 5, 2017, the motion was not timely filed, and Plaintiff had been warned that her case would be closed for her failure to timely file the second amended complaint. (D.I. 47) In addition, Plaintiff did not file a second amended complaint but instead filed a motion to amend without complying with the Local Rules of this Court. Local Rule 15.1 provides that a

1

party who moves to amend a pleading shall attach to the motion: (1) the proposed pleading as amended, complete with a handwritten or electronic signature; and (2) a form of the amended pleading which indicates in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Plaintiff did not do this. Her motion (but not a proposed amended complaint) contained information that she sought to include or incorporate into the dismissed complaint; also, it failed to indicate if the proposed allegations were directed to the hostile work environment claim or the sex discrimination claim.

5. The Court was unable to discern if Plaintiff had cured her pleading defects and, given her *pro se* status, denied the motion without prejudice to renew. Plaintiff was given one final opportunity to cure her pleading defects and to file a second amended complaint that complied with the Court's September 5, 2017 memorandum opinion and order and the Local Rules of this Court. Plaintiff was given a deadline of November 27, 2017 to file a second amended complaint. (*See* D.I. 50) She was warned the case would be closed if she failed to timely file a second amended complaint.

6. **Discussion**. Plaintiff did not file a second amended complaint. Instead, on November 27, 2017, she filed a motion to amend complaint with a proposed prayer of relief, but without providing a copy of the proposed second amended complaint. Similar to the October 11, 2017 motion (D.I. 48), in the instant motion (D.I. 52) Plaintiff seeks to amend by striking or including certain claims.

7. Once again, Defendants oppose the motion to amend on the grounds that Plaintiff: (1) did not timely file an amended complaint; (2) did not file an amended complaint and instead filed a motion to amend that did not include a copy of the proposed seconded amended complaint; and (3) the proposed allegations as set forth in the motion to amend fail to cure the pleading defects as

2

identified by the court. (D.I. 53) Defendants ask the Court to dismiss the case with prejudice. Plaintiff objects. (D.I. 54) She contends that Defendants are withholding critical evidence and they have added an additional attorney. Plaintiff did not address her failure to comply with the Court's order and the Local Rules of this Court.

8. In reading the motion to amend, once again the Court is unable to discern if Plaintiff's proposed amendments will cure the pleading defects as previously identified by the Court. The Court has given Plaintiff several opportunities to correct her pleading deficiencies, to no avail. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (court may curtail or deny request for leave to amend where there is repeated failure to cure deficiencies by amendments previously allowed). Plaintiff was warned that her failure to cure her pleading defects and to timely file a second amended complaint that complied with the Court's September 5, 2017 memorandum opinion and order and the Local Rules of this Court would result in closure of the case. Plaintiff failed to heed the Court's warning. Therefore, the Court will deny the motion to amend and will direct the Clerk of Court to close the case.

9. **Conclusion**. The Court will deny Plaintiff's motion to amend the complaint (D.I. 52) and dismiss Plaintiff's claims with prejudice. The Court will also deny as moot Plaintiff's motion to compel discovery. (D.I. 55) Finally, the Court will direct the Clerk of Court to close the case. An appropriate order will be entered.

September 11, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE